# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
## San Francisco Division

KARLA MARLENE LOPEZ,

Petitioner,

v.

MATHEW WHITAKER, et al.,

Respondents.

Case No. 18-cv-07807-LB

**ORDER FOR RESPONDENTS TO RESPOND TO PETITION BUT STAYING CASE UNTIL APPROPRIATIONS ARE RESTORED**

Re: ECF No. 1

## INTRODUCTION

Karla Marlene Lopez, a non-U.S. citizen, is currently in the U.S. Immigrations and Customs Enforcement (ICE). Ms. Lopez filed this action seeking a writ of habeas corpus. Her petition is now before the court for review pursuant to 28 U.S.C. § 2241 and Rule 4 of the Rules Governing Section 2254 and 2255 Cases in the United States District Courts.[1] This order requires the respondents to respond to the petition.

---

[1] Rule 1(b) states, "the district court may apply any or all of these rules to a habeas corpus petition" not brought under Section 2254 or 2255, and thus applies to this habeas petition brought under Section 2241.

ORDER – No. 18-cv-07807-LB

The parties have stipulated to stay the case until Congress has restored appropriations to the Department of Justice (DOJ) and the Department of Homeland Security (DHS).[2] The court grants the parties' request for a stay.

**STATEMENT**

Ms. Lopez, age 24, has resided in the United States since she was approximately five or six years old.[3] She received a T (trafficking) visa on July 16, 2013, that was valid until July 15, 2017.[4] She filed a request for an extension of her T visa status, which request is currently pending before U.S. Citizenship and Immigration Services (USCIS).[5] She also intends to seek asylum, withholding of removal, and protection under the Convention Against Torture.[6]

ICE took Ms. Lopez into custody in January 2018.[7] From January 2018 to August 15, 2018, ICE detained Ms. Lopez at Yuba County Jail, in Marysville, California (which is within the jurisdiction of the San Francisco Immigration Court).[8] On August 16, 2018, ICE transferred Ms. Lopez to the Northwest Detention Center in Tacoma, Washington.[9] At the time of her transfer, Ms. Lopez was in active removal proceedings before the San Francisco Immigration Court, but following her transfer, that court transferred her case to the Immigration Court in Tacoma.[10]

---

[2] Stipulation – ECF No. 10. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[3] Pet. – ECF No. 1 at 4 (¶ 11).

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.* at 6 (¶ 21).

[8] *Id.*

[9] *Id.*

[10] *Id.* at 6–8 (¶¶ 22–25).

Ms. Lopez has been represented by pro bono counsel based in Oakland, California since February 2018.[11] Ms. Lopez wishes for her current counsel to continue to represent her.[12] Ms. Lopez's pro bono counsel lacks the resources to provide representation in immigration court in Tacoma, however.[13] Ms. Lopez has been unable to secure alternative pro bono counsel in Tacoma.[14] Ms. Lopez and her family lack the resources to hire a private attorney.[15] Additionally, Ms. Lopez's family lives in the jurisdiction of ICE's San Francisco field office and cannot afford to travel to Tacoma to provide evidence relevant to Ms. Lopez's asylum application.[16] Ms. Lopez is also unsure whether she is unable to have unmonitored calls in Tacoma with her counsel — she was entitled to private unmonitored phone calls and in-person attorney visits in San Francisco under a class-action settlement, but non-citizens detained in Tacoma do not benefit from the provisions of this settlement.[17]

## ANALYSIS

District courts have jurisdiction under 28 U.S.C. § 2241 to review habeas petitions by non-citizens challenging the lawfulness of their detention. 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Courts "shall forthwith award the grant or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

---

[11] *Id.* at 6 (¶ 19).
[12] *Id.* at 8 (¶ 26).
[13] *Id.* (¶ 28).
[14] *See id.* (¶ 29).
[15] *Id.* (¶ 30).
[16] *Id.* at 8 (¶ 30), 14 (¶ 46).
[17] *Id.* at 8–9 (¶¶ 31–32).

Ms. Lopez alleges that her detention in Tacoma, Washington, interferes with her relationship with, and denies her access to, her counsel, in violation of the Fifth Amendment to the U.S. Constitution.[18] Ms. Lopez further alleges that her detention in Tacoma violates her statutory privilege to counsel under the Immigration and Nationality Act.[19] Ms. Lopez further alleges that ICE's actions in transferring her to Tacoma violates ICE's Detainee Transfer Policy and were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and thus violate the Administrative Procedure Act, 5 U.S.C. § 706(2).[20]

"Summary dismissal is appropriate only when the allegations in the petition are vague or conclusory or palpably incredible, or patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations, quotation marks, and brackets omitted). The court cannot say that Ms. Lopez's claims are vague, conclusory, palpably incredible, or patently frivolous, false, or without merit. The respondents must respond to Ms. Lopez's claims.

## STAY

At midnight on December 22, 2018, the continuing resolution that was funding several Executive-branch departments and agencies, including the DOJ and DHS (of which ICE is a component), expired.[21] Appropriations to the DOJ and DHS have lapsed.[22] The date when Congress will restore funding has not been established.[23] The respondents request, and Ms. Lopez does not oppose, a stay of this case until Congress has restored appropriations to the DOJ and DHS.[24] The court grants the respondents' unopposed request for a stay.

---

[18] *Id.* at 9–11 (¶¶ 32–37).

[19] *Id.* at 11–13 (¶¶ 38–43).

[20] *Id.* at 13–14 (¶¶ 44–48).

[21] Stipulation – ECF No. 10 at 1 (¶ 2).

[22] *Id.*

[23] *Id.*

[24] *Id.* at 2 (¶ 5).

## CONCLUSION

For the foregoing reasons,

1. Ms. Lopez's petition warrants a response.
2. The case is hereby stayed until appropriations to the DOJ and DHS have been restored.
3. Within one week after the relevant appropriations are restored, the parties must meet and confer on a briefing schedule and submit a stipulation requesting that the court set a schedule.

**IT IS SO ORDERED.**

Dated: January 16, 2019

LAUREL BEELER
United States Magistrate Judge